UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-144 |
| | ) | COLLIER/CARTER |
| DONALD FILLERS | ) | |
| WATKINS STREET PROJECT, LLC | ) | |

REPORT AND RECOMMENDATION

Defendants move the Court to allow admission into evidence, after the close of the evidentiary hearing on the motion to suppress, three additional exhibits. [Doc. 221]. Those exhibits are (1) the asbestos abatement and demolition contract between Mathis Companies and Watkins Street Project, LLC; (2) a photograph of a pile of demolition debris, and (3) Jackie Fillers' Affidavit concerning her knowledge that David Wood lived near the 1700 Watkins St. property and had the responsibility to keep an "eye" on the property to prevent people from coming on the property to steal salvage materials. While these exhibits are of minimal value, the undersigned RECOMMENDS they be admitted into evidence.

These exhibits do not alter the undersigned's analysis of the defendants' motion to suppress. Gary Fillers testified at the suppression hearing that Mathis Company had the contract for demolition. (Suppression Hearing Transcript at 195). This is not new information.

As for the photograph, it does not appear to depict the entire length of the lot, and it doesn't contradict any statements made by the witnesses as to the accessibility of the lot in various locations. There is no dispute that the lot could not be accessed from all points, but John Schultz testified on redirect that on September 8 and 9, 2005, his access onto the property where

1

the wall reached the same level as the ground was not blocked by debris piles. (Suppression hearing Tr. at 17, 21, 36-7, 39, 61-62, 72-73.)

Finally, as to Jackie Camp Filler's affidavit, it indicates "[o]ne of David Wood's responsibilities was to keep an eye on the property, to assure that no-one came on site to steal the material being salvaged." ( Jackie Camp Fillers Aff. Doc. 220-3, Page ID# 1345). However, no-one, including Gary Fillers who testified at the suppression hearing, provided any testimony about David Wood and there was no evidence presented to indicate that anyone was engaging in efforts to keep persons off the property.

Nevertheless, the undersigned RECOMMENDS[1] that the record be supplemented with the three exhibits presented by the defendants for consideration by the District Court.

SO ORDERED.

*s/William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).